## THE STATE, APPELLANT v. FISHER.

**Forgery:** SUFFICIENCY OF INDICTMENT: DEED. An indictment for forging a deed need not state that the instrument, if genuine, would have conveyed the land; it is sufficient to say that it purported to. convey it. Nor need it charge that the deed was executed or acknowledged. The word deed of itself imports a complete instrument.

*Appeal from Dunklin Circuit Court.*

HON. R. P. OWEN, Judge.

*J. L. Smith,* Atty. Gen. for the State, cited Wag. Stat. 1091 §§ 28, 29, 30; *Paige v. People,* 3 Abb., N. Y. Ct. App. L. 439 and cases there cited.

SHERWOOD, C. J.—Indictment under section 1, C. 1, W. S. 467, for forging a deed. Indictment quashed and State appeals.

The bill charges: " That Joseph Fisher, on the twelfth day of May, 1874, at Kennett in the county of Dunklin aforesaid, did unlawfully and feloniously forge a certain deed, purporting to be the act of James Marshfield, by which a right and interest in certain real property, which in said deed purports to lie and be situate in the county of Dunklin, State of Missouri, and which in said deed was described as follows, to-wit, (giving description), containing in all one hundred and one thousand, four hundred (101,-400) acres of land, purported to be transferred and conveyed to one Charles J. Helm, with intent then and there to defraud some person or persons to these jurors unknown, contrary etc."

We regard the indictment sufficient. The usual form of charging this offense in the indictment is, that the defendant " feloniously and falsely did make, forge and counterfeit" the writing described, " with intent one A. B. to defraud." (3 Glf. on Ev. § 104.) This crime at common law, has been defined as " the fraudulent making or alter-

ation of a writing to the prejudice of another man's right," (4 Bl. Com. 247), or more recently, as "a false making *malo animo,* of any written instrument, for the purpose of fraud and deceit." (2 E. P. c. c. 19, S. 1, p. 852; *Rex v. Parkes,* 2 Leach, 703; 2 E. P. C. c. 19, S. 49, p. 965.) And the offense "may be complete though there be no publication or uttering of the forged instrument; for the very making with a fraudulent intention, and without lawful authority, of an instrument which, at common law or by statute, is the subject of forgery, is of itself a sufficient completion of the offense before publication." (2 Russ. Crim. 318.) And where the indictment "proceeds upon a statute generally, the charge must be in the words of the statute." (Id. 385.) The statutory words have been used in the present instance, and it was unnecessary to set forth the instrument alleged to have been forged; it was sufficient to describe it by its usual name or designation (2 W. S. 1091, § 28); and sufficient, also, that the indictment showed that the instrument charged to have been forged, purported to convey the right, title, &c., of Marshfield to Helm. It is the felonious making of the false instrument as true in fact, which constitutes the crime of forgery; consequently it was not necessary for the indictment to aver that the instrument would have conveyed the land if genuine. "The question is, whether, upon its face, it will have the effect to defraud those who may act upon it as genuine, or the person whose name is forged." (4 Parker Crim. Rep. 217.) This the indictment sufficiently shows.

There is nothing either in the point that the instrument alleged to have been forged, was not charged to have been executed or acknowledged. The word "deed" of itself, imports and implies a complete instrument. *Paige v. People,* (3 Abb. N. Y. Ct. app. 439). Judgment reversed and cause remanded. All concur.

REVERSED.