THE STATE v. PHILLIPS, *Appellant*,

1. **Forgery.** An indictment under section 1399, Revised Statutes 1879, for uttering a forged instrument, need not charge an intent to defraud any particular person. It will be sufficient to charge generally an intent to defraud.

2. ———. To support such an indictment, it is not necessary to show that the defendant obtained anything of value. The offense consists in uttering with an intent to defraud.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*J. M. Patterson* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

HENRY, J.—At the November term, 1879, of the circuit court of Greene county, the defendant was indicted for uttering a forged instrument, and, on a trial, was convicted and sentenced to the penitentiary for a term of two years. He appeals from the judgment.

Section 1399, Revised Statutes 1879, under which he was indicted, declares that any one shall be deemed guilty of a forgery, who, with intent to defraud, shall pass, utter

or publish, or attempt to pass, utter or publish, as true, any forged, counterfeited or falsely uttered instrument, knowing such instrument or writing to be uttered, forged or counterfeited; and section 1686 provides that: "It shall be sufficient in any indictment for any offense where an intent to injure, cheat or defraud shall be necessary to constitute the offense, to allege that defendant did the act with such intent, without alleging the intent of the defendant to be to injure, cheat or defraud any particular person." The indictment was sufficient. It did not charge an intent to defraud or cheat any particular person, but that the defendant did pass, utter and publish the forged instrument with the intent to injure and defraud.

There was no error in the refusal of the instruction asked by defendant to the effect, that unless the State had shown that the whisky obtained on the forged order was of some value, the jury should acquit. It was immaterial whether anything was obtained on the order or not. The offense consists in uttering it with an intent to defraud.

All concurring, the judgment is affirmed.