THE STATE v. WARREN, *Appellant.*

1.  **Criminal Law:** UTTERING AND PUBLISHING FORGED CHECK: INDICT-
    MENT.  An indictment alleging that defendant uttered and published
    a forged check, knowing it to be forged, with intent to cheat and
    defraud is sufficient, though it does not state the name of the person
    intended to be defrauded.

2.  ———: ———: INSTRUCTION.  It was error for the court in its
    instructions authorizing a conviction under such indictment to omit
    the question of defendant's fraudulent intent.

3.  ———: FORGERY: FICTITIOUS SIGNATURE.  The signing of the name
    of a fictitious person with the intent to defraud will constitute forgery.

4.  ———: ———: NAME OF PERSON FORGED.  Where the name of the
    person forged is so imperfectly and inaccurately written that one of
    ordinary prudence would not be deceived by it, there is no forgery.

5.  ———: ———: QUESTION FOR JURY.  The question whether the
    attempted forgery was so imperfect and inaccurate as not to deceive
    a man of ordinary prudence is one for the jury.

*Appeal from LaFayette Criminal Court.*—HON. JOHN E.
RYLAND, Judge.

REVERSED AND REMANDED.

*W. G. Phetzing* and *John Welborn* for appellant.

(1)  The court below committed error in using the
term ''presented'' in the third instruction given for
the state.  The term presented, as applied to commer-
cial paper, has an accepted and defined legal inter-
pretation—means to present to bank on which it is
drawn.  (2)  The court below committed error result-
ing in defendant's conviction in giving instructions for
the state, numbered 9, 10 and 11.  Neither one of said

instructions required the jury to find that the defendant "intended to defraud." Under the fourth count of the indictment it was absolutely necessary to find that the defendant intended to defraud. R. S., sec. 3646; Bishop on Criminal Pleading & Evidence, pars. 420, 425, 444; *State v. Phillips*, 78 Mo. 49. (3) The court below committed error in giving the instructions, numbered 10 and 11, on the part of the state. These instructions are not the law. Having a false and forged instrument in possession and knowing said instrument to be false and forged, and offering to pass said instrument as true, is not sufficient, but the intention to defraud is part of the offense, and said instructions did not require the jury to find that it was defendant's intention to defraud anyone. *State v. Vincent*, 91 Mo. 662. (4) The court below committed error in refusing defendant's instructions, numbered 4, 5 and 6. There was no evidence that defendant made an effort to have the check cashed or to obtain credit upon it. Merely showing a forged check is not uttering with intent to defraud. Nor was there any evidence that the check would have misled a person of ordinary understanding or observation.

*John M. Wood*, Attorney General, for the State.

(1) The fourth count of the indictment upon which defendant was convicted sets out the instrument according to its tenor, and charges the offense in the language of the statute, and is sufficient. R. S., sec. 3646; *State v. Yerger*, 86 Mo. 33; *State v. Chamberlain*, 89 Mo. 129; *State v. Rucker*, 93 Mo. 88; *State v. Watson*, 65 Mo. 115; *State v. Phillips*, 78 Mo. 49. (2) The instructions given for the state were properly given. (3) The court committed no error in its refusal of instructions.

Thomas, J.—Defendant was sentenced to imprisonment in the penitentiary for a term of seven years, by the criminal court of LaFayette county, for uttering and publishing a forged check.

In January, 1891, he had in his possession a check purporting to have been drawn by Thomas Scramshey on the Morrison–Wentworth Bank of Lexington, payable to R. W. Warren or bearer for $93, which he. asked two or three men to cash, stating that it was drawn by Thomas Stramche. The parties to whom he presented it refused to take it and give him the money on it.

The evidence shows that a man by the name of Thomas T. Stramche lived near Lexington, but no one knew any person by the name of Thomas Scramshey. There was evidence tending to prove the insanity of the defendant, a defense which he interposed, and it clearly appeared in evidence that at the time he was trying to get the money on the check he was under the influence of liquor.

I.   The fourth court of the indictment under which defendant was found guilty avers that he uttered and published the forged check knowing it to be forged, with intent to cheat and defraud without giving the name of the party he intended to defraud. This is sufficient under our statute. *State v. Phillips*, 78 Mo. 49; *State v. Rucker*, 93 Mo. 88.

II.   But, while it is not necessary that an indictment for uttering a forged instrument should charge an intent to defraud any particular person, yet the intent to defraud is an essential element of the crime, and it must be averred and proved. Kelley's Criminal Law & Practice, sec. 728; 3 Greenleaf on Evidence, sec. 103; 8 American & English Encyclopedia of Law, 459.

In the case at bar, the court, in all its instructions, authorizing a conviction under the fourth count, wholly

omitted the issue of defendant's fraudulent intent. This was error, and it was emphasized by the refusal of the court to instruct the jury, though requested by defendant, that before they could find him guilty they must find that *"he intended to defraud some one."*

The court erred also in refusing the following instruction asked by defendant: "The court instructs the jury that although you may believe from the evidence that the defendant made, forged and counterfeited the check introduced and read in evidence, and that the defendant when he made, forged and counterfeited said check read in evidence intended to make, forge and counterfeit a check to resemble and be like a genuine check of the said Thomas T. Stramke and that he attempted to pass said check as a true and genuine check of said Thomas T. Stramke and the intent to injure and defraud, yet if the jury further believe from the evidence that said check so made and read in evidence upon its face had no resemblance to a true and genuine check of Thomas T. Stramke, and that said check would not deceive or mislead a person of ordinary understanding then there is no forgery in this case, and the jury will find the defendant not guilty under each and every count in the indictment."

While signing the name of a fictitious person, with intent to defraud, is as much a forgery as signing the name of a person actually existing, yet where the accused attempts to sign the name of a person really existing, but does it so imperfectly or inaccurately that one of ordinary prudence would not be deceived by it, he cannot be convicted of forgery. *State v. Carrington,* 55 Am. Rep. (N. C.) 650, and cases cited; *Rembert v. State,* 53 Ala. 467; 2 Russell on Crimes [9 Ed.] 722-4; Kelley's Criminal Law & Practice, sec. 726.

The evidence clearly shows that Thomas Stramche

was well known to the parties to whom defendant presented the check, and that he told them it was drawn by Thomas Stramche, but it appears the name actually signed to it was Thomas Scramshey, while the indictment averred that the name was Thomas Scramskey.

We think, under this state of facts, the court ought to have left it to the jury to say whether the attempted forgery of the name of Thomas T. Stramche was so imperfect and inaccurate as not to deceive a man of ordinary prudence, modifying the instruction so as to apply the principle to the uttering as well to the forging of the check.

The judgment is reversed and cause remanded for new trial. All concur. GANTT and MACFARLANE, JJ., concur for the reason set out in paragraph 2.