THE STATE v. GULLETTE, *Appellant.*

Division Two, May 8, 1894.

1. **Criminal Practice**: FORGERY: INDICTMENT: STATUTE. An indictment for forgery need not, under Revised Statutes, 1889, section 3983, charge that the defendant did the act in question with the intent to injure, cheat or defraud any particular person, nor need such intent be proved on the trial.

2. **Criminal Law**: FORGED ORDER. An order, to be the subject of forgery, need not be addressed to any particular person.

3. ———: ———. An informal order to supply the bearer named with certain goods and to charge to the signer's account,. is the subject of forgery.

4. ———: ———. It is no defense to an indictment for forging such order, that if the victim had been careful he would not have been deceived.

5. ———: ———. The order, to constitute a forgery, need not imitate or resemble an order such as the pretended drawer would have drawn.

6. **Criminal Practice**: FORGERY: INSTRUCTIONS. Failure to submit the question whether the act was done with the "intent to injure or defraud" is error.

7. ———: ———: ———. Failure to instruct on reasonable doubt is also error.

*Appeal from Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

The defendant was convicted of forgery in the third degree, and his punishment assessed at two years imprisonment in the penitentiary, and he appeals to this court.

The indictment is bottomed on section 3641, Revised Statutes, 1889, and, omitting caption, is as follows: "The grand jury for the state of Missouri, summoned from the body of said Gentry county, impaneled, charged and sworn upon their oaths, present that Fred Gullette, late of the county aforesaid, on the thirtieth day of September, 1893, at the said county of Gentry, state aforesaid, unlawfully and feloniously did falsely make and forge a certain instrument in writing, to wit, an order purporting to be the act of one Anthony Coppersmith, by the name of Mr. A. A. Coppersmith, by which a pecuniary demand and obligation purported to be created, which said false and forged instrument and order is of the tenor following, that is to say: 'Stanberry, Sept. 30, 1893.

Dear Sir: Please sell this young man, Fred Gullette, one pair of pants, one pair of shoes, one suit of underwear, and charge to my account. Mr. A. A. Coppersmith.' With intent then and there and thereby unlawfully and feloniously to injure and defraud against the peace and dignity of the state.

"And the grand jurors aforesaid, on their oaths aforesaid, do further present that Fred Gullette, late of the county of Gentry, and state of Missouri, on the thirtieth day of September, 1893, at the said Gentry county and state of Missouri, then and there feloniously did forge and counterfeit and falsely make a certain false, forged and counterfeit instrument, writing and order, purporting to be made by Mr. A. A. Coppersmith, a fictitious person, by which a pecuniary demand and obligation purported to be created, which said false, forged and counterfeit instrument writing and order is of the tenor following, that is to say: 'Stanberry, Sept. 30, 1893. Dear Sir: Please sell this young man, Fred Gullette, one pair of pants, one pair of shoes, one suit of underwear, and charge to my account. Mr. A. A. Coppersmith.' With intent then and thereby unlawfully and feloniously to injure and defraud, and against the peace and dignity of the state.

"And the grand jurors aforesaid, on their oaths aforesaid, do further present that Fred Gullette, late of the country of Gentry, in the state of Missouri, on the thirtieth day of September, 1893, at the county of Gentry, and state of Missouri, unlawfully and feloniously did then and there falsely make, counterfeit and forge a certain instrument in writing, to wit: an order and request purporting to be the act of one Anthony Coppersmith, by the name of Mr. A. A. Coppersmith, by which a pecuniary demand and obligation for the

payment of money by the said Anthony Coppersmith, by the name of Mr. A. A. Coppersmith, purported to be created, which said false, forged and counterfeit instrument in writing and order is of the tenor following, that is to say: 'Stanberry, Sept. 30, 1893. Dear Sir: Please sell this young man, Fred Gullette, one pair of pants, one pair of shoes, one suit of underwear, and charge to my account. Mr. A. A. Coppersmith.' With intent then and there, and thereby unlawfully and feloniously, to injure and defraud against the peace and dignity of the state.''

The evidence in the bill of exceptions made up in short form, as is sometimes done in civil cases, is the following: The state produced testimony tending to prove that on the thirtieth day of September, 1893, there were only two men by the name of Coppersmith who resided in or near Stanberry, Gentry county, Missouri. One Anthony Coppersmith, a farmer, who lived just north of the corporate limits of said town of Stanberry, the other Sebastian Coppersmith, a farm hand who worked for said Anthony Coppersmith. That on the thirtieth day of September, 1893, defendant went into the store of D. W. Herrick in said town of Stanberry, and presented to Wm. Riggins, a clerk in said store, an order similar to the one set out in each count of the indictment, except it was signed, Mr. Coppersmith. This order the clerk refused to accept for the reason that the initials were omitted in the signature to the order. Defendant then remarked that Mr. Coppersmith was at a blacksmith shop in another part of town and that he would go and have him sign the order properly. Defendant then left the store. In about an hour he returned with the order described in the indictment, signed or purporting to be signed ''Mr. A. A. Coppersmith'' and obtained the goods named in the order, telling D. W. Herrick that he, the defendant,

had been working for Mr. Coppersmith just north of town nineteen days. That Anthony Coppersmith did not sign the order described in the indictment, nor had he ever seen or heard of the defendant at the time the order was presented to and accepted by Herrick. That after his arrest, defendant admitted that he had never seen Mr. Coppersmith, that he learned from a stranger that Mr. Coppersmith was a prominent farmer living in the vicinity of Stanberry. That Anthony Coppersmith had no account with D. W. Herrick, and was not indebted to him for goods or otherwise.

The state also introduced evidence tending to prove that the defendant after his arrest, charged with the forgery of said order, admitted that he had never seen Coppersmith and that he found out there was a prominent man by that name living near Stanberry from a stranger. That he "could not get work and must have clothes." The prosecuting attorney then offered to introduce in evidence the following described order set forth in each count in the indictment, to wit: Stanberry, Sept. 30, 1893. Dear Sir: Please sell this young man, Fred Gullette, one pair of pants, one pair of shoes, one suit of underwear and charge to my account. Mr. A. A. Coppersmith."

The defendant objected and excepted to the introduction of this order in evidence. No evidence was introduced for the defense.

At the conclusion of the evidence the court, whether at the instance of the prosecuting attorney, or of its own motion does not appear, gave the following instructions:

"1. If the jury believe from the evidence that Fred Gullette, the defendant, at any time within three years next before the eleventh day of December, 1893, at Gentry county, Missouri, did falsely and fraudulently forge and make the written instrument described in the

second count of the indictment and read in evidence, and that said written instrument purported to be the act of Mr. A. A. Coppersmith, and that Mr. A. A. Coppersmith is a fictitious person, then the jury will find the defendant guilty as charged in the second count of the indictment, and assess his punishment at imprisonment in the penitentiary for a term not less than two years nor more than seven years.

"2. If the jury believe from the evidence that Fred Gullette, the defendant, at any time within three years next before the eleventh day of December, 1893, at Gentry county, Missouri, did falsely and fraudulently make, counterfeit and forge the instrument in writing described in the third count of the indictment and read in evidence and that said order purported to be the act of Anthony Coppersmith by the name of Mr. A. A. Coppersmith, then you will find the defendant guilty as charged in the third count of the indictment, and assess his punishment at imprisonment in the penitentiary for a term of not less than two nor more than seven years.

"3. The jury are further instructed that it is not necessary to prove that defendant was guilty by testimony of witnesses who may have seen the offense committed. His guilt may be shown by proof of facts and circumstances from which it may be reasonably and satisfactorily inferred."

To the giving of these instructions the defendant excepted at the time, and also in like manner excepted to the refusal of the court to give this instruction:

"The court instruct the jury that although you may believe from the evidence that the defendant made, forged and counterfeited the order introduced read in evidence and that the defendant when he made, forged and counterfeited said order read in evidence, intended to make, forge and counterfeit an order to

resemble and be like a genuine order of the said Anthony Coppersmith, and that he passed said order as a true genuine order of said Anthony Coppersmith with the intent to injure and defraud, yet if the jury further believe from the evidence that said order so made and read in evidence (upon its face had no resemblance to a true and genuine order of) Anthony Coppersmith and that said order would not deceive or mislead a person of ordinary prudence, then there is no forgery in the case and the jury will find the defendant not guilty under each and every count in the indictment.''

In the motion for a new trial, the giving of the instructions aforesaid on behalf of the state and the refusal of that on the part of defendant are properly preserved, as well as an exception to the denial of that motion.

*Charles O. Patton* for appellant.

(1) No prudent man would have accepted the order upon which this prosecution is based. It was not directed to any particular person. It was signed Mr. A. A. Coppersmith—there being no such person as A. A. Coppersmith in all that country. Besides, the first order presented for acceptance was signed Mr. Coppersmith. Under these circumstances, the court should have given instruction number 2 asked on behalf of defendant. *State v. Warren*, 109 Mo. 430. (2) The court below committed error, resulting in defendant's conviction, in giving instructions for the state number 1 and 2. Neither of these instructions submitted to the jury the question of ''intent to injure and defraud.'' R. S. 3641; *State v. Warren*, 109 Mo. 430; *State v. Phillips*, 78 Mo. 49; *State v. Vincent*, 91 Mo. 662; Thompson on Trials, sec. 2154 *n*; Bishop on Crim. Proc. and Ev., paragraphs 420, 425, 444. (3) The

trial court erred in giving for the state instruction num-
ber 3. There is no direct evidence that defendant
forged the order in controversy. For this reason the
court gave this instruction on circumstantial evidence,
which is defective, and is only calculated to mislead
the jury. *State v. Moxley*, 102 Mo. 374; *State v. Car-
lisle*, 57 Mo. 107; *State v. Woolard*, 111 Mo. 284;
*State v. Taylor*, 24 S. W. Rep. 449. (4) The indict-
ment, being insufficient in law, as hereinafter stated,
the court committed error in admitting in evidence the
order upon which the indictment is predicated. (5)
The indictment is insufficient. Kelley's Crim. Law,
sec. 698; *Westbrooke v. State*, 23 Tex. App. 401; *State
v. Meyers*, 99 Mo. 107; *Hendricks v. State*, 26 Tex.
App. 176; *King v. State*, 27 Tex. App. 567.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment in this case is sufficient. It
clearly charges the defendant with the crime of which
he stands convicted; it follows the language of the
statute creating the offense, and notifies the defendant
of the accusation against him. R. S. 1889, sec. 3641.
The first count charges the forging of the written
instrument purporting to be the act of Anthony Cop-
persmith, by the name of Mr. A. A. Coppersmith, by
which a pecuniary demand and obligation purported
to be created. The second count charges the forgery
of the written instrument purporting to be made by
Mr. A. A. Coppersmith, a fictitious person, by which
a pecuniary obligation purported to be created.
*State v. Warren*, 109 Mo. 430; *State v. Allen*, 116 Mo.
548. The third count charges the forgery of the writ-
ten instrument purporting to be the act of Anthony
Coppersmith, by the name of Mr. A. A. Coppersmith,
by which a pecuniary obligation, for the payment of

money by Anthony Coppersmith, by the name of Mr. A. A. Coppersmith, purported to be created. It is true, the indictment does not charge the value of the things attempted to be secured by means of the foregoing instrument; this was impossible because there was no fixed value to the articles of merchandise. Again, it was wholly unnecessary. Neither the degree of the crime nor the punishment to be assessed were to be determined by these facts. The crime was committed with the forgery and presentations of the written instrument. We can conceive of no valid objection to the indictment. (2) No error was committed by the court in permitting the state to introduce in evidence the written order presented by the defendant to Wm. Riggins, the clerk for D. W. Herrick. The necessary facts to render it admissible, viz., the fact that it was a forgery, was in the possession of, and tendered by, the defendant, were established by the testimony. (3) The instructions in this case fairly presented the issue tendered by the indictment and the testimony.

SHERWOOD, J.—I. The indictment is well enough and follows approved forms. 3 Chit. Crim. Law, 1048; 3 Greenl. Ev., sec. 104; *State v. Fisher*, 65 Mo. 437; *State v. Yerger*, 86 Mo. 33. And under our statute, the indictment need not charge that defendant did the act in question, with the intent to injure, cheat or defraud any particular person, nor need such intent be proved on trial; but it is only necessary to prove that defendant did the act charged, with an intent to injure, cheat or defraud. R. S. 1889, sec. 3983. *State v. Scott*, 48 Mo. 422.

In order to be the subject of forgery, it was unnecessary that the order in question, if genuine, should have been addressed to any person by name. This ruling has passed into precedent. *People v. Krummer,*

4 Park. Crim. Rep., 217.   Nor was it necessary that the instrument employed with intent to defraud should be entitled in strictness to bear the title or appellation of a bill of exchange or of a promissory note.   There need be no formality about it, nor need it be designated by any certain name.   Any instrument or writing being, or purporting to be, the act of another, by which any pecuniary demand or obligation shall be, or purport to be, transferred, created, increased, discharged or diminished, or by which any rights or property whatsoever shall be, or purport to be, transferred, etc., if made with intent to defraud, is amply sufficient to come within the penal prohibitions of the statute.   "The question is whether, upon its face, it (the writing) will have the effect to defraud those who may act upon it as genuine, or the person in whose name it is forged."   *Ib.*

It is true, it must be calculated to deceive (3 Greenl., Evid., sec. 105), but by this is not meant that it shall deceive the skillful, the experienced or the wary; it is sufficient if the writing be such as would be likely to impose on a person of ordinary observation.   *Ib.*   No matter how defective may have been the forgery it is enough, if there is a *possibility of fraud.*   1 Whart. Crim. Law [9 Ed.], sec. 695; *State v. Dennett*, 19 La. Ann. 395; *Costley v. State*, 14 Tex. App. 156; *Regina v. Winterbottom*, 2 C. & K. 37; *State v. Covington*, 94 N. C. 913.   And it does not lie in the mouth of the forger to claim immunity for his crime because, if the man he imposed upon had been vigilant, he would not have been deceived.   *Garmire v. State*, 104 Ind. 444.

Besides, the crime of forgery is complete by the making of any instrument with intent to defraud, which at common law or by statute is the subject of forgery.   Uttering or publication has nothing to do with the completeness of the offense.   *State v. Fisher,*

65 Mo. 437; 2 Russ. on Crim., 318; 8 Am. and Eng. Encyclopedia of Law, title, Forgery, and cases cited.

III. There was no error in giving the third instruction on behalf of the state. The evidence showing defendant's guilt was not circumstantial, or at least only a small portion of it. The most of it was positive and direct, and showed the guilt of defendant in a most pronounced manner. The possession of a forged instrument or the uttering of it by one in the county where the indictment is found, is strong evidence to show that the forgery of the instrument was committed by him in the same county. *State v. Yerger*, 86 Mo. 33; *State v. Rucker*, 93 Mo. 88.

And not to be forgotten are the false statements defendant made to Herrick respecting his having worked for Coppersmith for nineteen days, nor his subsequent admissions that he had never seen Coppersmith at the date of the order; had merely heard of him, etc.; that he "could not get work and must have clothes." Nor is it to be forgotten that the order when first presented to Herrick was signed "Mr. Coppersmith," and being rejected in that form, defendant shortly returned with it in its present form; showing that defendant forged or knew of and procured the forgery of the amended order.

IV. Instructions 1 and 2 given on behalf of the state were erroneous in not submitting to the jury the issue raised by the allegations of the indictment and defendant's plea of not guilty, whether the act charged if done, was done with the "intent to injure or defraud." *State v. Warren*, 109 Mo. 430; 2 Thompson on Trials, sec. 2154. As it was necessary to allege and prove the doing of the act, with such an intent, of course it was necessary to instruct upon such intent.

V.  The instructions on the part of the state are also incomplete in that they fail to instruct on the point of reasonable doubt.

VI.  Instruction number 2 asked by defendant was properly refused because it was faulty in these particulars:  There was not a particle of evidence to show that Coppersmith ever drew an order such as the one in question, nor indeed of any kind, so that the instruction was faulty as being misleading, and as having no evidence on which to base it.  And it was faulty because in order to constitute a forgery, it was not at all necessary that the forged order should imitate or resemble an order such as Coppersmith would have drawn.

For the errors aforesaid, judgment reversed and cause remanded.  All concur.