## THE STATE v. TYREE, Appellant.

### Division Two, March 5, 1907.

1. **FORGERY, FIRST DEGREE:** Information: Altering School Warrant: Sec. 1995, R. S. 1899. An information charging forgery in the first degree by the altering of a school warrant issued for teacher's services in accordance with section 9788, Revised Statutes 1899, is properly predicated on the first subdivision of section 1995, Revised Statutes 1899, which makes it forgery in the first degree to falsly make, alter, etc., "any warrant . . . issued . . . under the authority of . . . any school district . . . by virtue of any law of this State, by which the payment of any money . . . shall be promised."

2. ———: ———: ———: **Organization of School District.** It was not necessary that the information set forth the details of the organization of the school district which issued the warrant; an allegation that the warrant was issued according to law by the authority of the school district, and that the school board had authority to issue the warrant for the amount designated therein, was sufficient.

3. ———: **Intent to Cheat and Defraud: Erroneous Instruction.** The intent to cheat and defraud is the essence of the crime of forgery in the first degree, and an instruction which in defining the offense omits this essential element, is erroneous.

4. **STATEMENTS OF DEFENDANT:** Instruction: No Evidence. An instruction as to the weight to be attached to statements made by defendant for and against himself, should not be given unless there is evidence of such statements upon which to predicate it.

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*Delaney & Delaney* for appellant.

(1) The indictment is framed under section 1995, Revised Statutes 1899, and the conviction is of forgery in the first degree. The indictment should have been

framed under section 2009, forgery in the third degree.
State v. Fenly, 18 Mo. 445.    (2) But if the indictment
is properly predicated on section 1995, it is insufficient
to sustain a conviction.    It should clearly have set
forth  the organization of the school district; the elec-
tion or selection of the clerk of the board; the election
of Husley as president of the board; the employment
of Tyree, the defendant; the meeting of the board and
the order of the board directing or authorizing the is-
suance of the original warrant or order.  None of these
allegations is made.    (3) Instruction 1 is erroneous, in
this:   The intent with which the act was committed is
entirely omitted from the instruction.    The gravamen
of the offense of forgery is the intent to defraud.    The
jury under this instruction was warranted in finding
the defendant guilty regardless of the intent.  State v.
Pyscher, 179 Mo. 156; Krup v. Corley, 95 Mo. App. 640;
State v. Tobie, 141 Mo. 547; State v. Jackson, 89 Mo.
561; State v. Gullette, 121 Mo. 447; State v. Warren,
109 Mo. 430; Kelley's Crim. Law & Prac., sec. 728.    (4)
Instruction 4 is erroneous, in this:   It assumes that the
defendant did have a conversation with some one in
which conversation he made statements touching the
case.

*Herbert S. Hadley,* Attorney-General, and *Frank
Blake,* Assistant Attorney-General, for the State.

(1)   Since this case will have to be reversed on ac-
count of a defective instruction given by the court, it is
respectfully suggested that the court, in the opinion
handed down by it, settle the doubt as to the kind of
public securities which section 1995 applies to, and
whether or not the information filed in the case at bar
should have been under section 1995 or under section
2009, Revised Statutes 1899.    The only case found
which throws any light on this question is the case of
State v. Fenly, 18 Mo. 445.    (2) The first instruction

given by the court in this case is, according to opinions of this court, fatally defective because it fails to submit to the jury the question whether the act charged, if done, was done with the intent to cheat and defraud. This is the very essence of the crime, and nowhere do we find any authority which will sustain an instruction which omits these words. In fact, this court has decided that an instruction omitting them is reversible error. State v. Warren, 109 Mo. 430; State v. Gullette, 121 Mo. 457; State v. Tobie, 141 Mo. 547.

FOX, P. J.—This cause is now pending in this court upon appeal by the defendant from a judgment of conviction of the defendant in the circuit court of Taney county for forgery in the first degree. On March 10, 1905, the prosecuting attorney of Taney county filed an information against the defendant, R. F. Tyree, charging him with having committed forgery in the first degree on the 13th day of December, 1904, by feloniously and fraudulently changing the amount of a certain school warrant issued to him by the board of directors of school district No. 61 of Taney county; the specific alteration being the changing of the figures $3.00, so as to become $33.00. Omitting formal parts, the charge of which defendant was convicted was thus presented in the information filed by the prosecuting attorney:

"J. C. L. McKnight, prosecuting attorney within and for the county of Taney in the State of Missouri, under his oath of office and upon his hereto appended oath, informs the court that on the 13th day of December, A. D. 1904, at and in the county of Taney in the State of Missouri, a warrant was issued according to law by the authority of the board of directors of School District No. 61, township 22, range 22, of Taney county, Missouri, said board of directors having then and there competent power and authority so to do, in favor of one

R. F. Tyree for three dollars, which said warrant was of the tenor following, that is to say:

" '$3.00          TEACHER'S FUND.          No. 2.

" 'Treasurer of Taney County, Missouri:'

" 'Pay to R. F. Tyree or order, for services as teacher in District No. 61, township 22, range 22, three dollars out of any funds in your hands for the payment of Teacher's wages belonging to said District.

" 'Done by order of the Board this 13th day of December, 1904. A. L. Hulsey, President.

" 'WILSON WRIGHT, Clerk.'

"And that he, the said R. F. Tyree, afterwards, to-wit, on or about the 14th day of December, A. D. 1904, at and in said county of Taney in the State of Missouri aforesaid, feloniously, falsely and fraudulently did alter said warrant by writing the figure "3" between character "$" and the figure "3" in the upper left-hand corner of said warrant and by writing and inserting the word "thirty" before the word "three" in said warrant, then and there and thereby feloniously, falsely and fraudulently making said warrant to read as follows, that is to say:

" '$33.00          TEACHER'S FUND.          No. 2.

" 'Treasurer of Taney County, Missouri:

" 'Pay to R. F. Tyree or order, Thirty-three dollars out of any funds in your hands for the payment of Teacher's wages belonging to said District.

" 'Done by order of the Board this 13th day of December, 1904. A. L. Hulsey, President.

" 'WILSON WRIGHT, Clerk.'

"with intent then and there and thereby to feloniously, falsely and fraudulently defraud said school district No. sixty-one, township twenty-two, range twenty-two, in Taney county, Missouri, contrary to the

201 Sup—37

form of the statute in such cases made and provided and against the peace and dignity of the State."

It is unnecessary, in order to determine the legal propositions presented by the record, to set out in detail the evidence introduced by the State and the defendant. It is sufficient to say that there was testimony on the part of the State tending to establish the charge contained in the information and there was testimony on the part of the defendant tending to show that the defendant was not guilty of the forgery charged in the information; in other words, there was a conflict in the testimony.

At the close of the testimony the court instructed the jury as follows:

"The court instructs the jury that if you find from the evidence that Robert Tyree in the county of Taney and State of Missouri on or about the 14th day of December, 1904, or at any time within three years before the filing of the information, to-wit, March 10, 1905, did feloniously, falsely and fraudulently alter or change a certain school warrant described in the information, you will find the defendant guilty of forgery in the first degree and assess his punishment at a term in the State penitentiary not less than ten years.

"The court instructs the jury that the defendant is a competent witness in his own behalf and you may consider his testimony, but in considering what weight you will give his testimony you may take into consideration the fact that he is the defendant on trial and interested in the result of the trial.

"The court instructs the jury that before you can convict the defendant you must find him guilty beyond a reasonable doubt, but a doubt to authorize an acquittal must be a substantial doubt based upon the evidence and not a mere possibility of his innocence.

"The court instructs the jury that what the defendant said against himself after the alleged com-

mission of the offense charged, the jury must consider altogether; he is entitled to the benefit of what he said for himself, if true, as is the State to the benefit of anything he said against himself in any conversation proved by the State. What he said against himself the law presumes to be true, because against himself, but what he said for himself the jury are not bound to believe because said in a conversation proved by the State, they may believe it or disbelieve it, as it may be shown to be true or false by the evidence in the case.''

To the giving of which instructions the defendant by his counsel then and there excepted at the time.

The cause was submitted to the jury upon the evidence and instructions of the court and they returned a verdict finding the defendant guilty as charged in the information of forgery in the first degree and assessed his punishment at imprisonment in the State penitentiary for a term of ten years. Timely motions for new trial and in arrest of judgment were filed and by the court taken up and overruled. Sentence and judgment followed in conformity to the verdict and from that judgment the defendant in due time and proper form prosecuted his appeal to this court and the record is now before us for consideration.

### OPINION.

The record discloses numerous complaints of error as grounds for the reversal of this judgment.

1. The sufficiency of the information is challenged and it is insisted that the allegations in the information do not constitute the offense of forgery in the first degree as defined by section 1995 upon which the information is predicated, and that the information should have simply charged forgery in the third degree under the provisions of section 2009, Revised Statutes 1899?

2. The sufficiency of the information is also challenged upon the ground that it fails to set forth the

organization of the school district, that is, the selection or the election of the clerk of the board; the election of Mr. Hulsey as president of the board; the employment of Tyree, the defendant; the meeting of the board and the order of the board directing or authorizing the issuance of the warrant or order.

3.    It is insisted that instruction numbered 1 given by the court is erroneous and defective, because it fails to submit to the jury the question whether the acts charged constituting the criminal intent were done to cheat and defraud.

4.    Instruction numbered 4 is complained of for the reason assigned by appellant that there was no testimony upon which to predicate it, and that it was calculated to confuse and mislead the jury.

We will treat the complaints of appellant in the order as above indicated.

## I.

The first proposition, as to the sufficiency of the information, makes it necessary to briefly consider the provisions of section 1995, Revised Statutes 1899, upon which the information is predicated. That section provides: "Every person who shall falsely make, alter, forge, counterfeit, print or photograph, or cause or procure to be falsely made, altered, forged, counterfeited, printed or photographed: First, any warrant, order, bill, bond, certificate or other public security issued or purporting to have been issued under the authority of this State, or of any county, township, school district or municipal corporation therein, by virtue of any law of this State, by which the payment of any money absolutely or upon a contingency shall be promised, or the receipt of any money, goods or valuable thing shall be acknowledged, or shall purport to be receivable in payment of the State, or of any county, township, school district, city or municipal corporation therein; or, second, any certificate of any share or

interest in any public stock, created by virtue of any law of this State, issued or purporting to have been issued by any public officer, or any bond or other evidence of any debt of this State, or of any county, city, township, school district or municipal corporation therein, either absolute or contingent, made or issued, or purporting to have been made or issued, by any public officer; or, third, any indorsement, assignment or other instrument, transferring or purporting to transfer the right or interest of any holder of any such warrant, order, bill, certificate, public security, certificate of stock, bond, evidence of debt or liability, of any person entitled to such right or interest, with intent to defraud this State, or any county, township, city, school district, or other municipal corporation therein, or any public officer, or any other person, shall be adjudged guilty of forgery in the first degree.''

It is apparent that the information in this cause must find its support in the provisions of the first subdivision of the section as above indicated, that is, the forging or altering of any warrant, order, bill, bond, certificate or other public security, etc.   It is earnestly insisted by appellant that the forging or altering of the instrument charged in the information is not covered by the provisions of the first subdivision of section 1995, for the reason, it is urged, that the instrument which is made the subject of forgery by such first subdivision contemplates such instruments as promise the payment of money either absolutely or upon a contingency.   We are unable to agree with learned counsel for appellant upon this insistence.   The instrument alleged in the information which the defendant is charged with altering, is fully recognized by the provisions of section 9788, Revised Statutes 1899, as a warrant authorized to be issued by the school districts of this State.   This section expressly provides that it shall be the duty of the school district to draw a warrant on the county treasury in fa-

vor of any party to whom the district has become legally indebted, either for services or as teacher or for material purchased for the use of the school, or material or labor in the erection of a school house for said district, and it is further provided that such warrant shall be paid out of any moneys in the appropriated funds in the hands of the county treasurer. In our opinion the altering of a warrant issued by a school district, as provided by section 1995, embraces warrants issued by the school district as provided by sections 9788 and 9789, Revised Statutes 1899. Those sections expressly designate the instrument as a warrant, and there is nothing in section 1995 which would indicate that the warrants issued by the school district in payment of teachers' wages were to be excluded from the provisions of that section, and are not such instruments as would be the subject of forgery under its provisions.

In our opinion the warrant which is issued under the provisions of section 9788 by the school district is in contemplation of law a promise to pay money. While the terms employed in the form of the warrant do not say in express terms that the school district promises to pay certain money, yet the language employed is the direction that money will be paid; the issuance of the warrant by the school district is an evidence of indebtedness by the district and is a chose in action upon which a suit might be maintained. In other words, it is the final and best evidence of the original promise of the school district in its contract for the services of the teacher to pay him for such services, and is also the evidence of the obligation on the part of the school district to pay the amount designated in such warrant to the holder thereof. Therefore, our conclusion is that the warrant alleged in the information is such a warrant as is contemplated by section 1995 and made the subject of forgery or alteration, and, if the prosecuting attorney elected to prosecute the de-

fendant under the provisions of that section, he had the right to do so and properly predicated his information upon it.

## II.

It is next insisted that though the information may be properly predicated on section 1995, yet it is insufficient to support the judgment, for the reason that it fails to set forth the organization of the school district, that is, the election or selection of the clerk of the board; the election of the president of the board; the employment of the defendant as teacher; the meeting of the board and the order of the board directing or authorizing the issuance of the warrant or order.

It is sufficient to say upon this insistence that we are unable to give our assent to the contention of the learned counsel for appellant. The information substantially charged that the warrant was issued according to law by the authority of school district No. 61, township 22, range 22, of Taney county, Missouri, and that the board of directors had power and authority to issue such warrant in favor of R. F. Tyree for the amount designated in the warrant. This charge in the information was sufficient and properly charged the authority of the school district to issue the warrant. There was no necessity for setting out the details of the organization of the school district. That would be the mere detailing of the evidence necessary to constitute a legally formed district. The ruling upon this contention must be adverse to the appellant.

## III.

This lead us to the error complained of in respect to the instructions given by the court. The respondent concedes that instruction numbered 1 given by the court in this cause is erroneous, for the reason that it fails to submit to the jury the question whether the act charged, if done, was done with the intent to cheat and

defraud. It is unnecessary to further discuss this instruction. The failure to require the jury to find that the acts were done with the intent to cheat and defraud, was manifestly erroneous. The intent with which the acts were done is the very essence of the crime, and the failure to require the jury to find every essential ingredient of the offense constitutes such error as necessitates the reversal of this judgment. [State v. Warren, 109 Mo. 430; State v. Pyscher, 179 Mo. l. c. 156; State v. Tobie, 141 Mo. 547; State v. Gullette, 121 Mo. 447.]

## IV.

Appellant complains of error in the giving of instruction numbered 4. Upon this complaint it is only necessary to say that the instruction, so far as the form is concerned, is in accord with approved precedents by this court; however, we will say that this instruction ought not to be given unless there is testimony upon which to predicate it. If the defendant did not make any statements after the alleged commission of the offense charged of an incriminating character, then the court ought not to give such an instruction.

We have indicated our views upon the propositions presented by the record in this cause, and for the reasons herein indicated the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

All concur.