**STATE of Missouri, Respondent,**

v.

**Paul HICKMAN, Appellant.**

**No. 52150.**

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Clyde Burch, Sp. Asst. Atty. Gen., Kirksville, for respondent.

Paul Hickman, pro se, Jerry C. Stillman, Kennett, for appellant.

HOLMAN, Presiding Judge.

The amended information in this case charged defendant with the offense of uttering a forged check. See § 561.011 (statutory references are to V.A.M.S.). It was also alleged and proved that he had been convicted of two prior felonies. See § 556.280. The jury found defendant guilty of the offense charged and the court fixed his punishment at imprisonment in the penitentiary for a term of five years. He has appealed from the ensuing judgment.

The evidence indicated that on January 19, 1966, defendant went to the Dixie Park Package Store in Kennett, Missouri, where he purchased a half pint of whiskey and a "6-pack" of beer; that he paid for those items with a check in the amount of $27.32 which purportedly was signed by Don Davis and made payable to defendant; that defendant received in cash the difference between the amount of his purchases and the amount of the check. The bank upon which the check was drawn refused to pay it because the signature did not correspond with the signature of Don Davis on the bank's records.

Mr. Davis testified that he did not sign the check; that defendant had never worked for him but was with him in Hayti on the day preceding the day the check was cashed and was present when the witness and defendant's brother did some work on an electric sign.

Defendant testified that he had worked about an hour and a half for Mr. Davis on January 18, 1966, and had not been paid on that day; that on January 19 he started drinking about noon and drank all afternoon; that at about 6:30 he pulled a package of cigarettes out of his pocket and then discovered the Davis check in his pocket; that he didn't remember having received the check so he concluded that Mr. Davis had given it to him that afternoon in payment for his work the day before, and that he had not remembered receiving it because he was drinking; that he then purchased some liquor at the Dixie Park Package Store and cashed the check at that time; that when he cashed the check at the Dixie Park Package Store he did not think he was doing anything dishonest, and if he had known the check was bad he would not have cashed it.

The first point briefed is that the court erred in failing to set aside the verdict upon motion for new trial because there was no evidence that defendant had an intent to cheat and defraud. We do not agree. The evidence shows that defendant cashed a forged check and received the proceeds thereof. He admittedly did not know how he obtained possession of the check. His explanation that he assumed that Mr. Davis gave it to him (while he was too drunk to remember) in payment for one and one-half

hours' work he had done for him the preceding day is unreasonable. It is elementary that intent need not be proved by direct testimony but may be shown by accompanying circumstances. 20 Am.Jur., Evidence, § 335, p. 312. The circumstances here shown were sufficient to warrant the jury in finding (as it did) that defendant cashed the check with intent to defraud. State v. Andrews, 297 Mo. 281, 248 S.W. 967 [7]; State v. Peebles, 337 Mo. 973, 87 S.W.2d 167[2].

■ Defendant also contends that the court erred in giving Instruction No. 3 at the request of the State because it was ambiguous, confusing, and tended to mislead the jury. We note in the transcript that the assignment in the motion for new trial in that regard is that "the court erred in giving at State's request Instruction No. 3." It is obvious that the quoted assignment does not state any reason why it was contended that the instruction was erroneous and hence the point is not preserved for appellate review. S.Ct. Rule 27.20, V.A.M.R.; State v. Martin, Mo.Sup., 347 S.W. 2d 680 [6].

■ Defendant has filed a pro se brief in which he states that the information is fatally defective because it failed to allege the name of the person whom he intended to defraud. That contention might be meritorious if it were not for § 545.170, which provides that "It shall be sufficient in any indictment for any offense where an intent to injure, cheat or defraud shall be necessary to constitute the offense, to allege that the defendant did the act with such intent, without alleging the intent of the defendant to be to injure, cheat or defraud any particular person * * *." In the early case of State v. Phillips, 78 Mo. 49, this court held that said statute made it unnecessary, in an information charging the offense of uttering a forged instrument, to allege an intent to defraud any particular person. Phillips, and other similar cases, are decisive of this point and it is accordingly ruled adversely to defendant.

There is no merit in defendant's remaining contention that the information is insufficient because it does not allege a "sale" of the check for a consideration. That allegation is not required by the provisions of § 561.011, subd. 1 (3).

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All concur.