**STATE of Missouri, Respondent,**

v.

**Emiel E. WEST, Appellant.**

**No. 57237.**

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

A. L. Shortridge, Joplin, for appellant.

HENLEY, Judge.

This is an appeal by Emiel E. West (hereinafter defendant) from a judgment sentencing him to imprisonment for a term

of six years upon his conviction by a jury as an habitual criminal for the felony of uttering a forged check. Secs. 561.011 and 556.280, RSMo 1969, V.A.M.S. This appeal was pending in this court prior to January 1, 1972, and we retain jurisdiction to make final disposition of the case pursuant to ¶ 4, § 31, 1970 amendment to Article V, Constitution of Missouri, V.A.M.S.

Defendant's sole point before us is that the evidence was insufficient to support the verdict, to-wit: a) the conviction is based on mere conjecture, and b) there is no substantial evidence that defendant uttered and forged a check knowingly and with intent to defraud. We hold the evidence sufficient and affirm.

On November 15, 1970, Floyd DeWeese, owner and operator of Slim and C's Package Store in Jasper County, Missouri, received a check from defendant in the amount of $27.50. DeWeese had known defendant for 20 to 25 years and accepted the check when defendant asked if DeWeese would "take a check on his brother", Jay C. West. The check was purportedly signed by Jay C. West, payable to defendant, Emiel E. West, and was on a printed form indicating it was to be drawn on the Merchants and Miners Bank of Webb City, Missouri. Defendant endorsed the check, whereupon DeWeese delivered to him one six-pack of beer and the balance of the check's amount in cash.

DeWeese received the check, unpaid, two weeks later from the bank. The check was delivered, with other unrelated, unpaid checks, to the Webb City Police in January, 1971.

At trial defendant's brother, Jay Clyde West, testified that he owed his brother no money. He stated that he signs his checks "Jay West" rather than "Jay C. West" and did not sign the check presented to DeWeese. The witness testified he does not use blank checks such as the one accepted by DeWeese, but uses personalized checks which display his name and address in print. Jay at no time gave a blank check

to defendant nor did he authorize defendant to sign "Jay C. West" on a check causing it to be payable by Jay West.

The defendant rested after the state's case without offering evidence.

■ The first tine of defendant's argument is that the verdict is based on conjecture and therefore without support of substantial evidence. Defendant argues that Jay West testified that " 'to the best of his knowledge' he did not sign the check." A careful reading of the transcript shows that the prosecutor questioned Jay West as to whether his signature appeared on the check. He answered that it did not. Later, another question was asked by the prosecutor: "To the best of your knowledge, Mr. West, did you sign that check?" The answer was an unqualified "No" to the qualified question.

Jay West plainly answered that he had not signed the check. The reference to an isolated question, taken out of context, cannot cause us to call the conviction bad as based on conjecture. Defendant's first point is without merit.

■ The second tine is an argument that no substantial evidence is shown that defendant, knowingly and with intent to defraud, uttered a forged check.

In State v. Hickman (Mo.1967), 411 S. W.2d 195, 196, the court upheld a conviction for uttering a forged instrument. The evidence showed " * * * defendant cashed a forged check and received the proceeds thereof. He admittedly did not know how he obtained possession of the check." He explained "that he assumed that Mr. Davis gave it to him (while he was too drunk to remember) in payment for * * * work he had done * * *." Appellant alleged that the intent to defraud was not supported by substantial evidence. The court said: "[i]t is elementary that intent need not be proved by direct testimony but may be shown by accompanying circumstances. 20 Am.Jur., Evidence, § 335, p. 312."

In the case at bar the intent to defraud is plainly demonstrated by the "accompanying circumstances." Jay West stated he did not sign the check nor did he authorize his brother to sign for him. The check was not of the type used by Jay West. Defendant represented to DeWeese that the check was made by Jay West and payable to defendant. As in State v. Hickman, supra, we find: "The circumstances here shown were sufficient to warrant the jury in finding (as it did) that defendant cashed the check with intent to defraud."

The judgment is affirmed.

MORGAN, P. J., DONNELLY, J., and FINCH, C. J., concur.