## STATE OF MISSOURI, Respondent, v. CLOW, Appellant.

### St. Louis Court of Appeals, May 12, 1908.

1. **CRIMES: Selling Liquor Without License: Agency.** Where the owner of a carpenter shop kept in the shop an ice box containing beer and other liquors and from time to time sent written orders to a brewer in another State directing the latter to deliver such liquors to a railroad company for transportation to the owner of the shop as agent of the parties signing the orders, and where such liquors were sent and retained in the ice box until delivered and drunk on the premises by the parties who signed the orders, the facts were sufficient to warrant a finding by the jury that the dispenser of the liquors in this manner was the agent of the brewer and not the agent of the purchaser.

2. ———: ———: ———: **Circumstantial Evidence: Instruction.**
Where the facts in such case, regarding the sale of liquor and
how it was ordered, paid for and drunk on the premises, were
clear and positive, .the evidence was not so far circumstantial
as to require the court to give the customary instructions in
cases where the guilt of the accused is to be found from circum-
stances, especially when other instructions given for the de-
fendant were sufficiently favorable in requiring the degree of
proof necessary to warrant a conviction.

3. **CRIMINAL PROCEDURE: Evidence: Admissions.** It is proper
to instruct in a criminal prosecution that statements made by
the defendant against himself are presumed to be true because
made against himself.

Appeal from Lewis Circuit Court.—*Hon. Chas. D.
Stewart,* Judge.

AFFIRMED.

*W. M. Hilbert* and *Hilbert & Hilbert* for appellant.

Where the purchaser sends an order for liquors, to
a dealer in intoxicating liquors, directing him to deliver
the liquors to a common carrier to be transported to the
purchaser or his agent, the place of sale is where the
liquors are delivered to the carrier for such transporta-
tion.    Pearson v. State, 66 Miss. 510, 4 L. R. A. 835;
Dunn v. State, 82 Ga. 27, 3 L. R. A. 199; State v.
Shields, 110 La. 556, 34 So. 673; Herron v. State, 51
Ark. 133; Starbecker v. State, 65 Wis. 171, 56 Am. Rep.
624; Whitlock v. Workman, 15 Iowa 354; Williams v.
Feiniman, 14 Kan. 288; Sullivan v. Sullivan, 70 Mich.
583, 14 West. Rep. 874.    When .the conviction rests on
circumstantial evidence, the circumstances proven must
be inconsistent with the hypothesis that he is innocent,
and with every other rational hypothesis except that of
guilt.    State v. Morney, 196 Mo. 43; State v. Francis,
199 Mo. 680.

*R. B. Noel* and *Noah W. Simpson* for respondent.

STATEMENT.—An information was filed by the prosecuting attorney of Lewis county against this defendant, charging him with unlawfully selling intoxicating · liquors in less quantities than three gallons, to-wit: one pint of whisky and one pint of beer, without having a license as a dramshop· keeper or any other legal authority to sell the same. The information charged the offense was committed June 23, 1906, in Lewis county. Defendant was convicted by a jury in the justice's court, appealed to the circuit court, was tried again there by a jury, found guilty and his punishment assessed at a fine of $150. From this conviction the present appeal was prosecuted.

Defendant had a carpenter shop in the town of Ewing in Lewis county, in which was an ice box where bottles and cases of beer and other liquors were kept. A firm by the name of Popel & Giller conducted a brewery in the town of Warsaw, Illinois. Defendant would take an order from a customer to Popel and Giller in the following form:

"Ewing, Mo. (here date is shown)
"Popel and Giller, Warsaw, Illinois.
· "Gentlemen·: Please deliver to the C. B. & Q. R. R. Company, Twenty-four quarts of beer for me, for shipment by freight, to W. A. Clow, my agent at Ewing, Mo., and I will remit for same.
(Signature of witness), Purchaser."

The order would be forwarded by defendant to Popel & Giller, the beer called for shipped to him by said firm, put in the ice box and bottles of it delivered as called for to the person who gave the order, who would pay twenty cents for each bottle and was given a card showing the number of bottles ordered, which card would be punched whenever a bottle was taken. Beer and other intoxicants were drunk on the premises and parties of men had often been seen drinking there.

The defense is that defendant was the agent of the persons who ordered the beer and not of the brewers in Warsaw, Illinois, and the beer was sold by the brewers directly to the customers, the sale occurring in Illinois and not in Lewis county, Missouri. Evidence was introduced by the State which proved defendant had said, while on a train north of Ewing, he was met by a man who was looking for some one to run an "order house" at Ewing. He talked with defendant and asked him if he would like the job and defendant finally was induced to accept it. Defendant had said it did not make any difference to him about the cost or expense, because the brewers would pay the bill as long as he kept within their instructions. And again he told another witness he was running an order house and the brewers were going to stand back of him; he was going to have people sign orders for beer and take it out when they wanted it. When asked if the arrangement would not get him into trouble, he answered the trouble, if any happened, would cost him nothing because the brewers would give him three dollars a day while he was attending the trial, and he was anxious to have his right to distribute the liquor tested, as the brewers had employed the best lawyers in the country and he was ready for a fight. A little room twelve feet square was cut off the main part of defendant's shop in which persons who wanted liquor drank it. He had beer and whisky in there and quite a number of cases with names on them. Jugs of whisky were in the room and from twenty to fifty bottles of beer with ice around them were seen by witnesses in the ice box. Defendant said he did not allow any one to drink in there except those persons who gave orders for liquors; but they could get a bottle, a case or a drink at any time and pay for it when they got it.

The court gave the following instructions at the instance of the State:

"1. The court instructs the jury that if you believe

beyond a reasonable doubt from all the facts and circumstances detailed in evidence, that the written orders for beer introduced in evidence in this cause were only a subterfuge, scheme or device, concocted and utilized by the said William A. Clow, either by himself or with the aid and consent of Poppel & Giller, of Warsaw, Illinois, for the purpose of defeating or evading the criminal laws of the State of Missouri, governing the illegal sale of liquors in the State, as defined in these instructions; then, if in such event, you further find, beyond a reasonable doubt, that the defendant did illegally sell intoxicating liquors in less quantities than three gallons, without first having taken out or having a license as a dramshop keeper, or any other legal authority to sell the same, in the town of Ewing, Lewis county, in the State of Missouri, at the dates alleged in the information, you will find the defendant guilty as charged in said information.

"2. Although the jury believe from the evidence that the beer charged in the information to have been sold by defendant William A. Clow, was received by him from Poppel & Giller, of Warsaw, Illinois, for parties in Ewing, Missouri, who had previously signed orders therefor addressed to said Poppel & Giller, yet if the jury believe beyond a reasonable doubt from all the facts and circumstances in evidence the conduct of the defendant and the parties signing said order, that the real purpose and intent of said defendant was to sell and he did sell the beer in question in less quantities than three gallons, without taking out or having a license as a dramshop keeper or any other legal authority to sell the same, for himself or as the agent of said Poppel & Giller, on or about the 30th day of May, 1906, in Lewis county, Missouri, to any of the parties signing such orders, the jury will find a sale by defendant and render their verdict accordingly, or find the defendant guilty and assess his punishment at a

fine of not less than forty nor more than two hundred dollars.

"3. If verbal statements of the defendant have been proved in this case, you may take them into consideration with all the other facts and circumstances proven. What the proof may show you, if anything, that the defendant has said against himself, the law presumes to be true, because against himself, but anything you may believe from the evidence the defendant said in his own behalf, you are not obliged to believe, but you may treat the same as true or false, just as you believe it true or false, when considered with a view to all other facts and circumstances in the case."

For the defendant the court gave these instructions:

"1. The court instructs the jury that any person has the right under the law to purchase intoxicating liquor and have it shipped to Lewis county for his own use and that such purchase can be legally made by him in person or through some third person for him, not in any way employed by the seller, and if, therefore, you believe from the evidence that the liquor charged in the information to have been sold by the defendant was secured by him from Poppel & Giller, of Warsaw, Illinois, for parties in Lewis county who had previously signed orders for the same, directed to Poppel & Giller, and by said defendant delivered to said parties, that the defendant acted as agent of and represented the parties who ordered and received said beer and was not in any way employed by Poppel & Giller, or selling the same for himself, then you will find the defendant not guilty.

"2. The court instructs the jury that the several persons who ordered beer from Poppel & Giller, through their agent W. A. Clow, that said persons had the right to pay to said Clow any amount of money, however

small, at any time, to be remitted by Clow as their agent, in payment for said beer.

"3. The court instructs the jury that if they find and believe from the evidence that the different witnesses in this case each signed an individual order addressed to Poppel & Giller, of Warsaw, Illinois, to deliver to the railroad company for them certain amounts of beer for shipment to their agent W. A. Clow, at Ewing, Lewis county, Missouri; and if you further believe from the evidence that said beer was delivered to the railroad company by Poppel & Giller, of Warsaw, Illinois, for transportation, then the sale and the delivery of the beer to the purchaser was at the point of delivery to the railroad for transportation and not in Lewis county, and the jury will find defendant not guilty unless you further find from the evidence beyond a reasonable doubt that the defendant acted as the agent of Poppel & Giller and sold said beer for them, or that he himself was the seller.

"4. The court instructs the jury that under the law the defendant, W. A. Clow, had a right to act as the agent of parties ordering beer and to take their orders and forward them to Poppel & Giller, and have the beer shipped to Ewing, Missouri, to his care as the agent of the parties ordering the same and to store the beer in his warehouse and to deliver the same to the various parties ordering the same as called for and that as the agent of such parties he had a right to receive from them money to be forwarded to Poppel & Giller in payment for said beer that they had ordered, and such acts do not constitute the selling of beer as charged in the information and you will acquit the defendant; unless you find and believe from the evidence in the cause, beyond a reasonable doubt, that the defendant acted as the agent of Poppel & Giller and sold said beer for them.

"5. The court instructs the jury that although you

may believe from the evidence that at any time within one year next before the date alleged in the information in this case, certain parties living in Lewis county, Missouri, sent to Poppel & Giller, of Warsaw, Illinois, orders for beer to be shipped to the care of their agent, W. A. Clow, of Ewing, Lewis county, Missouri, and that said beer was shipped upon said orders of Poppel & Giller to the said W. A. Clow, for the parties making said orders, and by said W. A. Clow, received, stored and afterwards delivered to the parties ordering the same, still you are instructed that such acts do not constitute a selling of beer as charged in the information or violation of the liquor law; unless you further believe from the evidence in the case that the defendant acted for Poppel & Giller in such sale, or was himself the seller.

"6. The jury are instructed that the probability of defendant's guilt as charged in the indictment, is not sufficient to warrant a conviction, nor is it sufficient that the greater weight or preponderance of the evidence supports the allegation of the indictment; nor is it sufficient that, upon the doctrine of chance, it is more probable that the defendant is guilty. To warrant a conviction of the defendant he must be proved to be guilty so clearly and conclusively that there is no reasonable theory upon which he can be innocent when all the evidence in the case is considered together.

"7. The court instructs the jury that the law presumes the defendant in this case innocent and not guilty as charged in the information, and you are further instructed that the legal presumption of innocence is not a mere form to be disregarded by the jury at pleasure, but it is an essential substantial part of the law of the land binding upon the jury in the case, and you should act upon this presumption and acquit the defendant unless the State by evidence satisfies you of his guilt beyond a reasonable doubt.

"8.   The court instructs the jury that as men you may have a personal opinion as to facts not proven, but as jurors you must be governed by the instructions of the court and the evidence introduced in the cause, and you must find the defendant guilty or not guilty by the sworn testimony, regardless of your personal opinion as men."

The following instructions requested by defendant were refused:

"9.   The court instructs the jury that the evidence in this case is wholly circumstantial evidence; that it is an attempted proof of crime by inferences drawn from independent facts; and to prove the defendant's guilt, it is a fundamental principle of law that each independent fact from which the inferences are drawn must be proved in the same satisfactory manner as if the whole issue rested upon the proof of that fact.

"10.   The court instructs the jury that the evidence in this case is wholly circumstantial and it should be cautiously considered, and to warrant a conviction it must be such as to produce in the minds of the jury that certainty of guilt that a discreet man would be willing to act upon in his own grave and important concerns. Circumstantial evidence is not sufficient for conviction unless it excludes every reasonable theory consistent with defendant's innocence, if the jury are not satisfied with the guilt of the defendant beyond a reasonable doubt, you should acquit him, although the unfavorable circumstances, if any, have not been disproved or explained."

GOODE, J. (after stating the facts).—It is insisted for defendant the verdict finding him guilty of selling liquors in Lewis county, was unsupported by any evidence, as the evidence was not only insufficient to prove the charge beyond a reasonable doubt, but failed even to prove he sold intoxicating liquors. This

proposition is devoid of merit; for the evidence hardly leaves a doubt of defendant's guilt. He offered no testimony in defense except his own denial under oath that he sold any whisky or beer to the prosecuting witnesses; but he did not deny they got beer from him in the manner we have stated, took it out by the bottle, paid for it when they got it, and drank it on the premises if they wished to do so. But because written orders on the brewers at Warsaw, Illinois, in which defendant was described as the agent of the customers, were exacted from the latter, it is asserted the defendant was proved not to have made the sales nor have participated in them as agent of the brewers. To accept this as the necessary view from the facts, would allow the law against selling intoxicating liquors without license, to be annulled by a trick. The undisputed evidence shows the Illinois brewers arranged with defendant to open what is called an "order house" in Lewis county, where residents of said county could get liquors by ordering them from the brewers. To say the jury might not find defendant was the agent of the brewers who had arranged with him for the sale of liquors, merely because orders were given in which he was described as the agent of the customers, would be absurd. We doubt if it would be going too far to hold as a legal conclusion, that the brewers sold the beer through defendant as their agent; and certainly there was ample evidence to justify the jury in finding this was the fact. The court submitted the question in the instructions in phases very favorable to the defendant. In truth in the instructions granted at defendant's instance, every theory of the defense was presented in its various aspects. If defendant was the agent of the brewers, unquestionably he was guilty of illegal sales of liquors in Lewis county. [State v. Wingfield, 115 Mo. 428.] That such subterfuges as the evidence tends to show were adopted in the present case to get around the law, may be broken

through by a jury and a defendant convicted on a finding of the real nature of the transaction, was decided in State v. Newell, 140 Mo. 282, 41 S. W. 751.

It is contended the sale was complete in Warsaw, Illinois, when the order was received and filled and the beer delivered to the railroad company for the customer. But this would not be so if defendant was the agent of the brewers and the beer was shipped to him as their agent, to be delivered to customers on receipt of payment. [State v. Wingfield, supra.] If the beer had been delivered to the railroad company for customers, to be turned over by the company to them, or to defendant as their agent, a different conclusion might be drawn. The evidence does not compel a court to rule these were the facts, but is at least as consistent with the belief in an arrangement between the brewers and defendant, pursuant to which he acted as agent of the brewers.

The court is said to have erred in refusing instructions nine and ten requested by defendant, because the case was one of circumstantial evidence, and those instructions properly declared the law regarding the cogency of the proof required to justify the conviction of an accused person on circumstantial evidence. Most of the evidence consisted of positive facts, sworn to by witnesses regarding sales of beer by defendant, how it was ordered and paid for, drunk on his premises, what liquors were kept there and his own statement about the relationship in which he stood to the brewers. The evidence to prove defendant's guilt was not so far circumstantial as to require the court to grant the customary instructions in cases where the guilt of the accused must be found from circumstances. In instruction seven given at defendant's request, the jury were informed the law presumed him to be innocent and not guilty, and the presumption of innocence was not a form to be disregarded at the jury's pleasure, but a substantial part

of the law of the land, binding on the jury and requiring them to act on the presumption and acquit the defendant unless satisfied of his guilt beyond a reasonable doubt. And, again, in instruction six, the jury were told the probability of defendant's guilt as charged was not sufficient to warrant a conviction, nor was it sufficient that the greater weight of the evidence supported the allegations of the indictment, or that on the doctrine of chances it was more probable he was guilty than innocent; but to warrant his conviction he must be proved to be guilty so clearly and conclusively there was no reasonable theory on which he could be innocent when all the evidence in the case was considered together. We think the defendant had no reason to complain of the degree of proof required to warrant a verdict of guilty, or of any other ruling of the court on the requests for instructions.

The third instruction given for the State, which told the jury the law presumed what defendant had said against himself was true, because said against himself, etc., is a transcript of an instruction passed on and approved by the Supreme Court in State v. Tobie, 141 Mo. 547, 561, 42 S. W. 1076. What we have said about the right of the jury to find on the evidence defendant was the agent of the Illinois brewers disposes of the contention that it was error to give the first two instructions for the State, for the reason there was no evidence to support them. There was ample evidence.

None of the errors assigned is well taken and the judgment will be affirmed. All concur.