THE STATE v. A. E. BOEHLER, Appellant.

**Division Two, May 18, 1909.**

**APPELLATE JURISDICTION: Constitutional Question.** The constitutionality of the statute under which defendant was convicted cannot be raised for the first time in the motion in arrest, and if the offense it prescribes is a misdemeanor the appeal is not to the Supreme Court, but to the Court of Appeals.

Appeal from Scotland Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Pettingill & Montgomery* for appellant.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) Before arraignment defendant filed a motion to quash the information, but in no way challenged the constitutionality of the law, and in no respect referred to, or even suggested a constitutional question. Moreover, his motion to quash is not embodied in the bill of exceptions, and no exceptions were preserved to the action of the court in overruling same, hence it can present no matter conferring appellate jurisdiction upon this court, or any question that can be considered. State v. Price, 186 Mo. 142; State v. Coleman, 199 Mo. 118; State v. Tooker, 188 Mo. 444; State v. Finley, 193 Mo. 211. (2) Further manifesting his satisfaction with the constitutionality of the law and waiving any alleged insufficiency therein, defendant at no stage of the trial raised a constitutional question either by objection to evidence, by instruction, or motion for new trial. This court has laid down the rule that a constitutional guarantee must be invoked and must have been denied in the trial court in order to give this court appellate jurisdiction. State v. Raymond, 156 Mo. 118; State v. Grant, 194 Mo. 366; State v. Gregory, 170 Mo. 602; Jacob v. St. Joseph, 204 Mo. 357; State ex rel. v. Bland, 186 Mo. 701; State v. Kyle, 177 Mo. 663.

GANTT, P. J.—This is an appeal from the judgment of the circuit court of Scotland county, imposing a fine for the violation of the Local Option Law. The offense is a misdemeanor and the appeal should have been granted and certified to the St. Louis Court of Appeals, unless there is a constitutional question presented in the record for adjudication. An examination of the record discloses no such question.

Before arraignment the defendant filed a motion to quash, but in no way challenged the constitutionality of the law. That motion is not preserved in the bill of exceptions. The constitutionality of the law was not assailed either in the objections to testimony, the instructions or the motion for new trial. In the motion in arrest the constitutionality of the Local Option Law was mooted for the first time. No exception was taken to the overruling of that motion, nor was the motion embodied in the bill of exceptions. Hence it is obvious that there is no constitutional question in the record and this court has no jurisdiction of this appeal, and it is ordered that this appeal be transferred to the St. Louis Court of Appeals.

*Burgess* and *Fox, JJ.,* concur.