STATE OF MISSOURI, Respondent, v. A. E. BOEHLER, Appellant.

**St. Louis Court of Appeals. Argued and Submitted May 4, 1910. Opinion Filed May 17, 1910.**

1. **APPELLATE PRACTICE: Criminal Practice: Sufficiency of Information: Failure to Preserve Motion to Quash in Bill of Exceptions.** A motion to quash an information not preserved by bill of exceptions cannot be considered on appeal, though it appears in the record proper.

2. ————: ————: ————: **Objection to Introduction of Evidence.** Where an objection is made to the admission of testimony on the ground the information states no offense, and exceptions are duly preserved to the action of the court in overruling it, the sufficiency of the information is properly before the appellate court for review.

3. **INTOXICATING LIQUORS: Storing: Acts Constituting Offense.** Laws 1907, p. 231, section 2, prohibiting the storage of intoxicants for another person in local option counties, does not prevent the storage of beer by one as agent for a brewery company, where it is not received for use or sale in the county.

4. ————: ————: **Agent of Brewery: Indictments and Informations: Necessity of Stating Whether Principal is Corporation or Partnership.** An information under Laws 1907, p. 231, section 2, charging an unlawful storage of intoxicants as agent for the "P. & G. Brewing Company," is invalid for failing to aver whether the company was a corporation or a partnership.

Appeal from Scotland Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

REVERSED AND REMANDED.

*Pettingill & Montgomery* and *Wagner & Miller* for appellant.

(1) The court erred in overruling the objection to the introduction of evidence, upon the ground that the information did not charge an offense under the

statute; and in overruling a motion for a new trial, which challenged the sufficiency of the information. The information fatally departs from the statute. Laws 1907, p. 231, sec. 2; State v. Clark, 122 S. W. 665.    (2) The court erred in refusing the fifth instruction requested by defendant, which properly declared the law, and was amply supported by the evidence. Laws 1907, p. 231, sec. 2.    (3)    The court erred in giving the second instruction requested by the State, which outran both the information and the statute. Laws 1907, p. 231, sec. 2.    State v. Faulkner, 175 Mo. 546; State v. Lehman, 175 Mo. 619; Garrett v. Greenwell, 92 Mo. 121; State v. West, 21 Mo. App. 309.

*Jno. E. Luther* for respondent.

REYNOLDS, P. J.—An information was filed on the 13th of December, 1907, by the prosecuting attorney of Scotland county, wherein it is stated that the defendant, one A. E. Boehler, on or about the 13th of December, 1907, at the county of Scotland, this State, "did then and there unlawfully keep and store certain intoxicating liquors, to-wit: one hundred cases of lager beer, as the agent of the Popel & Giller Brewing Company of Warsaw, Illinois, said lager beer being stored and kept in a building located in South Gorin, Missouri, and said building being owned by the said Popel & Giller Brewing Company." The information further alleges the adoption of the Local Option Law (art. 3, chap. 22, R. S. 1899) by Scotland county and that it had been in force in that county from and after the 30th day of November, 1905, and alleges that "said acts of storing and keeping said intoxicating liquors as above stated is (are) contrary to the form of the statute," etc., "and against the peace and dignity of the State of Missouri." It appears by the record proper that a motion to quash the information was duly filed and overruled, defendant excepting. The plaintiff entering a plea of "not guilty," the case

went to trial before the court and jury and at the beginning of the trial defendant objected to the introduction of evidence for the reason, among others, that the information did not state facts sufficient to constitute a crime by defendant. This objection was overruled and testimony introduced by the state, tending to prove the receipt of cases of beer from the brewing company named by the defendant at the place named in the information and on or about the dates charged, and that the place was known as the warehouse of the brewing company named. The freight delivery receipt, which was introduced in evidence by the state, showed that one hundred cases of beer had been shipped, consignor not named, from Alexandria, "consigned to Popel & Giller," and the receipt is signed "A. E. Boehler, Agt." There was evidence to the effect that Popel & Giller Brewing Company was located at Warsaw, Illinois; Alexandria, this State, apparently being the initial point of delivery to the railroad company, and there was also evidence introduced on the part of the state that the warehouse at which the delivery was made at Gorin, in Scotland county, was known as owned or leased by the Popel & Giller Brewing Company, and that the defendant was known and recognized as their agent at that point. It was in evidence that the Local Option Law had been adopted in Scotland county, as alleged, and it was not pretended that the defendant was a licensed dramshop keeper or authorized to sell liquor as a wholesaler. The defendant introduced no testimony.

The court gave various instructions at the instance of the state, among them one to the effect that if the jury believed from the evidence that on the date named and since the 11th of August, 1907, defendant "did receive, keep or store any lager beer, whisky or any intoxicating liquor of any kind in Scotland county, Missouri, as the agent of the Popel & Giller Brewing Company of Warsaw, Illinois, they will find the defendant guilty as charged in the information and assess his punishment,"

etc. Defendant duly excepted to the giving of this. It also gave several at the instance of the defendant, but refused an instruction asked by the defendant, to the effect that if the jury believed from the evidence in the case that the Popel & Giller Brewing Company was the owner and in possession of the building and also the owner of the beer in question and that the defendant was simply its agent in storing and caring for said beer, then they should find the defendant not guilty. This was refused, exceptions being duly saved, a verdict of guilty returned and a fine of three hundred dollars assessed against the defendant, who thereupon duly filed his motion for a new trial and motion in arrest, both of which were overruled. Defendant excepted and perfected an appeal to this court, having filed his bill of exceptions in due time.

This case comes to this court by transfer from the Supreme Court, that court holding that as no constitutional question was presented by the record as having been made at the trial, that question having been first raised by the motion in arrest and the motion in arrest not being preserved by the bill of exceptions, no question within the jurisdiction of that court was before it. See State v. Boehler, 220 Mo. 4, 119 S. W. 385. The motion to quash the information, while appearing in the record proper, is not preserved by the bill of exceptions and cannot be noticed. The objection, however, to the admission of testimony on the ground that the information stated no offense, was interposed, exceptions duly saved at the time to the overruling of the objection, and the alleged error properly saved by the motion for new trial which is in the bill of exceptions. The question is therefore properly before us on the record as to the sufficiency of the information in stating an offense under the statute. The information is bottomed on section 2, of the act of the General Assembly of this State, approved May 10, 1907 (Session Acts, 1907, p. 231). This act is entitled, "An act to prohibit persons running order

houses from delivering intoxicating liquors to persons having no license to deal in same, and to prohibit the keeping, storing for, or delivering to another person intoxicating liquors in local option counties, and providing penalties for the violations thereof." By the first section it is enacted that "it shall be unlawful for any person or persons not a licensed dramshop keeper or by law authorized to sell liquor as a wholesaler, to order for, receive, store, keep or deliver, as the agent or otherwise, of any other person, intoxicating liquors of any kind." Section 2, on which the information purports to be founded, reads: "No person shall keep, store or deliver for or to another person, in any county that has adopted or may hereafter adopt the Local Option Law, any intoxicating liquors of any kind whatsoever." The third section provides that nothing in the act shall be construed to prohibit any person from ordering liquor for his own or his family use, where such liquor is sent direct to the person using the same; and the fourth section declares a violation of the provisions of the act a misdemeanor, subjecting the defendant to a fine of not less that three hundred dollars nor more that one thousand dollars, or imprisonment in the county jail for not less than three months nor more than one year, or by both such fine and imprisonment.

It is obvious from the history of the legislation in this State relative to the Dramshop and Local Option Law, that the evil in mind when the law was enacted was the existence of what are called "order houses." The nature of these is very clearly set out in a decision by this court in the case of State v. Clow, 131 Mo. App. 548, 110 S. W. 632, and their nature and the mischiefs attendant upon them and their palpable design as an evasion of the law against the sale of liquors is so clearly shown in the statement and opinion of Judge Goode in that case, that it is sufficient to refer to it without going into detail. The object aimed at by the Act of 1907, was to suppress such institutions. From

the evidence in this case, we do not think that this defendant is brought within the language or spirit of the law. The evidence shows that he was receiving the goods, not on orders of others who desired to have them, but as agent for the brewing company; not on orders from persons in Scotland county, who might desire to obtain liquor for their own use, but as the agent or manager of the brewing company named. So far as appears by the testimony in the case and certainly outside of any charge in the information, there can be no pretense that he was receiving these goods for any person who had ordered them, and who intended to use them in Scotland county, nor even for sale in that county. That was the evil sought to be ended by the Act of 1907. There was no pretense of evidence, as there could have been none introduced under the information, that the defendant had sold or had attempted to sell any beer to any person in that county, or that he held the cases which he had receipted for as the agent of the Popel & Giller Brewing Company, for sale in Scotland county, or that as agent of the Brewing Company, he held them for delivery to any one in that county. The tendency of the freight receipt, its legal effect, is a consignment, supposing it came from the Brewing Company, by that company to itself, received and receipted for by its agent. In this view of the case, we do not think that the information is good under section 2, of the Act of 1907. It fails to charge that the defendant kept, stored or delivered "for or to another person" any intoxicating liquors. The information is not founded on the first section, which prohibits any person not a licensed dramshop keeper or by law authorized to sell liquor as a wholesaler, to order for, receive, store, keep or deliver as the agent or otherwise of any other person, intoxicating liquors. The word "agent" does not occur in the second section. The obvious intent of section 2 is to prevent any person from acting as a keeper of what were

known as "order houses"—of such concerns as are described in the case of State v. Clow, supra.

Another objection urged to the information is that it is not averred that Popel & Giller Brewing Company of Warsaw, Illinois, is a corporation or a partnership. It would seem, on the authority of the decision of our Supreme Court in the case of State v. Clark, 223 Mo. 48, 122 S. W. 665, and the case of State v. Kelley, 206 Mo. 685, 105 S. W. 606, and cases there cited, that this is a valid objection, and fatal to this information. These were indictments or informations for larceny or burglary. In all of them it is held necessary, where the name of the owner of the property does not appear to be that of an individual, to aver either a corporation or a partnership, and in the latter case name the partners. We see no reason why this same principle should not be applied in a case of this kind. It is certainly material, when attempting to bring one within the provisions of the Act of 1907, above referred to, if the charge is under the first section, to aver and prove that the defendant acted as an agent, and to aver and prove, the name of his principal, and if not an individual, whether that principal was a co-partnership or a corporation. It seems equally clear that where the charge is under the second section and is that the defendant keeps, stores or delivers for or to another person, that the name of that other should be as specific in an indictment or information under section 2, as where the indictment or information is for burglary or larceny. We see no reason to make any distinction between the two classes of cases. On the further ground that the information failed to bring the charge within section 2 of the Act of 1907, we must hold it insufficient. As the instruction given at the instance of the state and before recited followed the information, it must fall with it. If it is true that the Brewing Company named was either a co-partnership or a corporation and located at another place than in the county of Scotland and de-

sired to ship their goods into Scotland county, not on orders or even for sale there, so far as appears, that concern could only act in that county through an agent, whether it was a partnership or a corporation. The shipper, shipping and delivering to such person from outside of the county into the county could act only through an agent. In such case it practically and really was a shipment and delivery by the consignor to itself as consignee. The statute does not cover such a case. If, after receiving the goods, the defendant had under-taken to keep, store or deliver the goods, for or to another than the owner who had shipped them, he would have brought himself within the penalties of the law.

The judgment is reversed and the cause remanded for such further proceedings as can be had in due course of law. All concur.